UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY G. GILL,

                      Plaintiff,

                                                                      9:00-CV-1553
v.                                                               (GTS/DEP)

F. CALESCIBETTA, *et al.*,

                      Defendants.
_____

APPEARANCES:                                             OF COUNSEL:

ANTHONY G. GILL
  Plaintiff, *Pro Se*
3317 Decatur Avenue, Apt. 3
Bronx, NY 10467

HON. ANDREW M. CUOMO                        MICHAEL G. McCARTIN, ESQ.
  Attorney General for the State of New York      Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, NY 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court in this *pro se* prisoner civil rights action are Defendants' motion for summary judgment (Dkt. No. 45), and United States Magistrate Judge David E. Peebles's Report-Recommendation recommending that one of Plaintiff's retaliation claims be dismissed, and that the remaining three retaliation claims withstand dismissal (Dkt. No. 102). Neither party has filed Objections to the Report-Recommendation. For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety, and Defendants' motion for summary judgment is granted in part and denied in part.

1

## I.     RELEVANT BACKGROUND

On October 11, 2000, Plaintiff filed this action against thirteen (13) individuals employed by the New York State Department of Correctional Services, at Auburn Correctional Facility. Although Plaintiff's Complaint asserts a number of constitutional violations on the part of these thirteen Defendants, the only claims that remain after the Second Circuit's February 1, 2006, Summary Order are Plaintiff's four (4) retaliation claims against five (5) Defendants. (Dkt. No. 78.)[1] With regard to these retaliation claims, generally, in his Complaint, Plaintiff alleges that his rights under the First Amendments were violated when Defendants retaliated against him on four separate occasions for filing grievances. (*See generally* Dkt. No. 1.)

On April 16, 2001, Defendants filed their Answer to Plaintiff's Complaint. (Dkt. No. 26.) On October 11, 2002, Defendants filed a motion for summary judgment. (Dkt. No. 45.) On February 12, 2003, Plaintiff filed a response in opposition to Defendants' motion for summary judgment. (Dkt. Nos. 60, 61.) On September 10, 2003, District Judge Joseph M. Hood issued a Memorandum-Decision and Order granting Defendants' motion for summary judgment and dismissing Plaintiff's Complaint with prejudice. (Dkt. No. 68.) On October 10, 2003, Plaintiff filed a Notice of Appeal to the Second Circuit from the Decision and Order. (Dkt. No. 73.) On February 1, 2006, the Second Circuit issued a Summary Order, affirming in part and remanding in part Judge Hood's Memorandum-Decision and Order. (Dkt. No. 78.) Specifically, the Second Circuit remanded Plaintiff's four (4) retaliation claims against the five (5) Defendants, with specific instruction that the Court "determine, in light of the Second Circuit's intervening

---

[1]     The remaining Defendants in this action are F. Calescibetta, Sergeant Letourneau, R. French, B. Harrington, and Chris Pidlypchak. (*See* Dkt. No. 102, at 8.)

decision of *Gill v. Pidlypchak*, 389 F.3d 379 (2d. Cir. 2004), whether there exists a genuine issue of material fact as to whether defendants engaged in retaliatory conduct that would 'deter a similarly situated individual of ordinary firmness from exercising his constitutional rights.'" *Gill v. Calescibetta*, 157 F. App'x. 395 (2d Cir. 2005).  (*See also* Dkt. No. 78.)

In February 2007, the parties submitted supplemental briefing on the retaliation issue. (Dkt. Nos. 94, 95.)  In their brief, Defendants concede that triable issues of fact exist regarding the portion of Plaintiff's retaliation claim relating to the two periods of keeplock confinement he experienced.  (Dkt. No. 95.)  However, Defendants argue that the remaining two retaliation claims (which deal with the termination of Plaintiff's employment in the prison mess hall, and the posting of one of his grievances in the mess hall) should be dismissed.  (Dkt. No. 95.)

On March 11, 2009, Magistrate Judge Peebles issued a Report-Recommendation recommending that Defendants' motion be granted in part and denied in part.  (Dkt. No. 102.) Specifically, Magistrate Judge Peebles recommended (1) that Plaintiff's retaliation claim against Defendants Pidlypchak and Calescibetta relating to the posting of Plaintiff's grievances in the mess hall be dismissed, but (2) that Plaintiff's retaliation claim relating to his termination from employment in the prison mess hall be referred for trial, along with Plaintiff's two retaliation claims relating to his keeplock confinement.[2]  Familiarity with the grounds of the Report-Recommendation is assumed in this Decision and Order.

---

[2] Because Defendants acknowledge that triable issues of fact exist with regard to the two incidents in which Plaintiff was placed in keeplock confinement after filing grievances, Magistrate Judge Peebles did not address the merits of these claims, but instead properly concluded that they are "ill-suited for resolution on motion for summary judgment."  (Dkt. No. 102.)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review on Objection from Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[3] When only general objections are made to a magistrate judge's report-recommendation, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept.22, 1997) (Pooler, J.) [collecting cases], aff'd without opinion, 175 F.3d 1007 (2d Cir.1999).[4] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed.R.Civ.P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducing the appropriate review, the Court may

---

[3] On *de novo* review, "[t]he judge may ... receive further evidence...." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir.1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir.1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[4] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec.12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report ... [did not] redress the constitutional violations [experienced by petitioner] ... is a general plea that the Report not be adopted ... [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), aff'd, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895, 117 S. Ct. 240, 136 L.Ed.2d 169 (1996).

"accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B.      Standard Governing Motion for Summary Judgment

Under Fed. R. Civ. P. 56, summary judgment is warranted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material fact exists, the Court must resolve all ambiguities and draw all reasonable inferences against the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  In addition, "[the moving party] bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the . . . [record] which it believes demonstrate[s] the absence of any genuine issue of material fact." *Celotex v. Catrett*, 477 U.S. 317, 323-24 (1986).  However, when the moving party has met this initial responsibility, the nonmoving party must come forward with "specific facts showing a genuine issue [of material fact] for trial."  Fed. R. Civ. P. 56(e)(2).

A dispute of fact is "genuine" if "the [record] evidence is such that a reasonable jury could return a verdict for the novmoving party." *Anderson*, 477 U.S. at 248.  As a result, "[c]onclusory allegations, conjecture and speculation . . . are insufficient to create a genuine issue of fact." *Kerzer v. Kingly Mfg.*, 156 F.3d 396, 400 (2d Cir. 1998) [citation omitted]; *see also* Fed. R. Civ. P. 56(e)(2).  As the Supreme Court has famously explained, "[The nonmoving party] must do more than simply show that there is some metaphysical doubt as to the material facts" [citations omitted]. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574,

585-86 (1986).

As for the materiality requirement, a dispute of fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. "Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. [citation omitted].

Implied in the above-stated burden-shifting standard is the fact that, where a nonmoving party fails to adequately respond to a motion for summary judgment, a district court has no duty to perform an independent review of the record to find proof of a factual dispute–even if that nonmoving party is proceeding *pro se*.[5] (This is because the Court extends special solicitude to the *pro se* litigant, in part by ensuring that he or she has received notice of the consequences of failing to properly respond to the motion for summary judgment.)[6] As has often been recognized

---

[5] *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) [citations omitted]; *accord*, *Lee v. Alfonso*, No. 04-1921, 2004 U.S. App. LEXIS 21432 (2d Cir. Oct. 14, 2004), *aff'g*, 97-CV-1741, 2004 U.S. Dist. LEXIS 20746, at *12-13 (N.D.N.Y. Feb. 10, 2004) (Scullin, J.) (granting motion for summary judgment); *Fox v. Amtrak*, 04-CV-1144, 2006 U.S. Dist. LEXIS 9147, at *1-4 (N.D.N.Y. Feb. 16, 2006) (McAvoy, J.) (granting motion for summary judgment); *Govan v. Campbell*, 289 F. Supp.2d 289, 295 (N.D.N.Y. 2003) (Sharpe, M.J.) (granting motion for summary judgment); *Prestopnik v. Whelan*, 253 F. Supp.2d 369, 371-372 (N.D.N.Y. 2003) (Hurd, J.).

[6] *Krug v. County of Rennselaer*, 04-CV-0640, 2006 WL 2669122, at *3 (N.D.N.Y. Sept. 18, 2006) (McAvoy, J.) ("When dealing with a *pro se* party, certain procedural rules apply so as to insure that the *pro se* litigant in not disadvantaged by the lack of legal training. In this regard, the Local Rules require that [a *pro se* party be informed of the consequences of failing to respond to a motion for summary judgment, before those consequences may be imposed]."); *see also Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) ("This Court has also held that summary judgment should not be entered by default against a *pro se* plaintiff who has not been given any notice that failure to respond will be deemed a default.") [citations omitted]; *see also* Jessica Case, "*Pro Se* Litigants at the Summary Judgment Stage: Is Ignorance of the Law an Excuse?" 90 Ky. L.J. 701, 704, n.24 (Spring 2001) ("The Second, Fourth, Seventh, Tenth, Eleventh, and D.C. Circuit Courts of Appeals mandate that notice of summary judgment requirements be given to *pro se* litigants. . . .  The Ninth Circuit requires notice of summary judgment requirements for *pro se* prisoner litigants only.") [citations omitted].

by both the Supreme Court and Second Circuit, even *pro se* litigants must obey a district court's procedural rules.[7] For this reason, this Court has often enforced Local Rule 7.1(a)(3) by deeming facts set forth in a moving party's statement to have been admitted where the nonmoving party has failed to properly respond to that statement[8]–even where the nonmoving party was proceeding *pro se* in a civil rights case.[9]

---

[7] *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *McKaskle v. Wiggins*, 465 U.S. 168, 184 (1984) ("Nor does the Constitution require judges to take over chores for a *pro se* [litigant] that would normally be attended to by trained counsel as a matter of course."); *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980) ("[I]in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law [even when that strict adherence inures to the detriment of a *pro se* litigant]."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[P]*ro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law.") [citation omitted]; *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) ("Although *pro se* litigants should be afforded latitude, . . . they generally are required to inform themselves regarding procedural rules and to comply with them . . . . This is especially true in civil litigation.") [internal quotation marks and citations omitted]; *Edwards v. I.N.S.*, 69 F.3d 5, 8 (2d Cir. 1995) ("[W]hile a *pro se* litigant's pleadings must be construed liberally, . . . *pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.") [citations omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[T]he right [to benefit from reasonable allowances as a *pro se* litigant] does not exempt [the *pro se*] party from compliance with relevant rules of procedural and substantive law.") [internal quotation marks and citations omitted].

[8] Among other things, Local Rule 7.1(a)(3) requires that the nonmoving party file a response to the moving party's Statement of Material Facts, which admits or denies each of the moving party's factual assertions in matching numbered paragraphs, and supports any denials with a specific citation to the record where the factual issue arises. N.D.N.Y. L. R. 7.1(a)(3).

[9] *See, e.g.*, *Hassig v. N.Y.S. Dep't of Environmental Conservation*, 01-CV-0284, Decision and Order, at 7 (N.D.N.Y. filed March 4, 2004) (McAvoy, J.), *aff'd*, No. 04-1773, 2005 WL 290210 (2d Cir. Feb. 2, 2005); *Lee*, 2004 U.S. Dist. LEXIS 20746, at *12-13, 15, *aff'd*, No. 04-1921, 2004 U.S. App. LEXIS 21432; *Harvey v. Morabito,* 99-CV-1913, 2003 WL 21402561, at *1, 3-4 (N.D.N.Y. June 17, 2003) (Sharpe, M.J.), *adopted by* 99-CV-1913, Order, at 2-3

## III. ANALYSIS

Neither party has objected to any portion of Magistrate Judge Peebles's Report-Recommendation. As a result, the Court reviews the entire Report-Recommendation under the "clear error" standard. After carefully reviewing all of the papers in this action, including Magistrate Judge Peebles's Report-Recommendation, the Court concludes that the Report-Recommendation is not clearly erroneous. Magistrate Judge Peebles employed the proper legal standards, accurately recited the established facts of this case, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation in its entirety for the reasons stated therein.[10]

For example, Magistrate Judge Peebles correctly determined that filing a grievance is a protected activity, and that removal from a prison job may constitute adverse action under certain circumstances. In addition, Magistrate Judge Peebles correctly determined that there is a question of fact as to whether Plaintiff's removal from his prison job constitutes retaliation, given

---

(N.D.N.Y. filed Jan. 15, 2004) (Munson, J.), *aff'd*, No. 04-1008, 115 F. App'x 521 (2d Cir. Dec. 23, 2004); *Krug*, 2006 WL 2669122, at *2-3; *Fox*, 2006 U.S. Dist. LEXIS 9147, at *2-3; *Singleton v. Caron*, 03-CV-0455, 2005 WL 2179402, at *3-4 (N.D.N.Y. Sept. 5, 2005) (Peebles, M.J.), *adopted by* 03-CV-0455, 2006 WL 2023000, at *3 (N.D.N.Y. July 18, 2006) (Sharpe, J.); *Govan*, 289 F. Supp.2d at 295; *Butler v. Weissman*, 00-CV-1240, 2002 WL 31309347, at *3 (N.D.N.Y. June 20, 2002) (Sharpe, M.J.), *adopted by* 00-CV-1240, Decision and Order, at 1-2 (N.D.N.Y. filed July 22, 2002) (Kahn, J.); *DeMar v. Car-Freshner Corp.*, 49 F. Supp.2d 84, 86 & n.1 (N.D.N.Y. 1999) (McAvoy, C.J.); *Costello v. Norton*, 96-CV-1634, 1998 WL 743710, at *1, n.2 (N.D.N.Y. Oct. 21, 1998) (McAvoy, C.J.); *Squair v. O'Brien & Gere Eng'rs, Inc.*, 96-CV-1812, 1998 WL 566773, at *1, n.2 (N.D.N.Y. Aug. 21, 1998) (Scullin, J.); *see also Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000) (discussing, in *pro se* civil rights case, district courts' discretion to adopt local rules like 7.1[a][3] "to carry out the conduct of its business").

[10] The Court notes that the Report-Recommendation would survive even a de novo review.

that he was removed from his job in the mess hall within close temporal proximity to his filing grievances relating to the conditions of the mess hall.  This Court agrees with Magistrate Judge Peebles that it is quite possible that the motivation for Plaintiff's removal from his position in the mess hall was his asthma and/or asthmatic attack while in the mess hall kitchen recreation area.  However, as Magistrate Judge Peebles also noted, the affidavit of Dr. Anthony Graceffo, submitted by Defendants in support of their motion for summary judgment, is evidence of a question of material fact as to the motivation for Plaintiff's removal.  As a result, the Court finds, for the same reasons as Magistrate Judge Peebles, that there is an issue of fact as to whether Plaintiff's removal was pretextual.

    For all of these reasons, the Court accepts and adopts the Report-Recommendation

    **ACCORDINGLY**, it is

    **ORDERED** that Magistrate Judge Peebles's Report-Recommendation (Dkt. No. 102) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

    **ORDERED** that Defendants' motion for summary judgment (Dkt. No. 45) is **GRANTED in part and DENIED in part**; and it is further

    **ORDERED** that Plaintiff's retaliation claim relating to his termination from employment in the prison mess hall survive Defendants' motion for summary judgment and be referred for trial, along with Plaintiff's two retaliation claims relating to his keeplock confinement.

Dated: March 31, 2009
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge